1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6  BERNARD WARREN,

7              Plaintiff,                     No. C 15-5208 EDL (PR)

8       v.                                    **ORDER DISMISSING WITH**
                                              **LEAVE TO AMEND**
9  SONOMA COUNTY PUBLIC HEALTH
   (T.A.S.C.) and TURNING POINT DRUG
10 TREATMENT FACILITY
   MANAGEMENT,
11
              Defendants.
12  _____/

13

14      Plaintiff, an inmate at the Sonoma County Jail's Main Adult Detention Facility, has

15 filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1]  He has been granted leave to

   proceed in forma pauperis in a separate order.  For the reasons stated below, the
16
   complaint is DISMISSED with leave to amend.
17
                              **DISCUSSION**
18
   **A.    Standard of Review**
19
        Federal courts must engage in a preliminary screening of cases in which prisoners
20
   seek redress from a governmental entity or officer or employee of a governmental entity.
21
   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
22
   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
23
   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
24
   § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*
25
   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
26
        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
27

28
        [1]   Plaintiff has consented to magistrate judge jurisdiction.
   (Docket No. 3.)

the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
the statement need only give the defendant fair notice of what the . . . . claim is and the
grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and
internal quotation marks omitted).  Although in order to state a claim a complaint "does not
need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation
of the elements of a cause of action will not do. . . .   Factual allegations must be enough to
raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim
for relief that is plausible on its face."  *Id.* at 570.

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
elements:  (1) that a right secured by the Constitution or laws of the United States was
violated, and (2) that the alleged deprivation was committed by a person acting under the
color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

     Plaintiff states that on August 24, 2015, he entered into Sonoma County's drug
treatment facility, Turning Point Drug Treatment Facility Management ("Turning Point").
Plaintiff had an existing ruptured achilles tendon when he arrived at Turning Point.  Plaintiff
was instructed to keep an ice pack on his leg, but at some point, the ice pack burst open,
and the contents of the ice pack landed on his leg, causing a chemical burn.  Plaintiff was
sent to urgent care for treatment.  The following day, plaintiff was medically discharged
from Turning Point.  As a result, plaintiff was re-housed into the Sonoma County Jail.
Plaintiff requests monetary damages.

     Plaintiff's complaint, as pleaded, fails to state a cognizable claim for relief.  In order
for a complaint to state a claim arising under federal law, it must be clear from the face of
plaintiff's well-pleaded complaint that there is a federal question.  *See Easton v. Crossland
Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  Here, it is unclear what federal right, if

United States District Court

For the Northern District of California

1    any, he believes was violated.

2    As to each defendant plaintiff seeks to hold liable, plaintiff must clarify his claim(s)

3    against him/her.  In the amended complaint, he should describe what each defendant did

4    (or failed to do) that caused a violation of his constitutional rights so that each proposed

5    defendant has fair notice of his allegedly wrongful conduct.  *See Taylor v. List*, 880 F.2d

6    1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal

7    participation by a defendant).  Liability may be imposed on an individual defendant under

8    42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and

9    proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of*

10   *Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  Plaintiff must link the

11   defendants' actions or inactions with plaintiff's claims.  He must "set forth specific facts as

12   to each individual defendant's" actions which violated his or her rights.  *Leer v. Murphy*, 844

13   F.2d 628, 634 (9th Cir. 1988).  Either personal involvement or integral participation of the

14   officers in the alleged constitutional violation is required before liability may be imposed;

15   liability may not be imposed based solely on an officer's presence during the incident.  *See*

16   *Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

17   To impose municipal liability under Section 1983 for a violation of constitutional

18   rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he

19   or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to

20   deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the

21   moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County*

22   *of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

23   For the above reasons, plaintiff's complaint will be dismissed with leave to amend to

24   provide the information as specified above.  Although the federal rules require brevity in

25   pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and

26   the "grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

27   omitted).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions,

28

that show that an individual was personally involved in the deprivation of his civil rights."

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.

2. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February  29 , 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Warren208dwla.wpd

4